## AFFIDAVIT

I was assigned to represent Mr. Parker when his case was transferred from Municipal Court to felony court.

I filed a Motion to Quash ("MTQ") on Mr. Parker's behalf in July 2017. I filed the motion to quash without having reviewed the full municipal court trial transcript or received full discovery. The MTQ did not include certain information about the circumstances leading to the declaration of the April 4, 2017 continuance and April 25, 2017 mistrial in Municipal Court.

The MTQ did not mention, or include transcripts showing, that the Assistant City Attorney immediately asked for a "pause" to Mr. Parker's trial when she realized the City may have made a mistake beginning trial on the charge of "battery." The MTQ omitted any discussion of the *ex parte* bench conference between that prosecutor and Judge Sens that occurred immediately afterward. I did not talk to Mr. Parker about what happened during his Municipal Court trial. I did not update or re-urge my Motion to Quash (or seek to supplement the record before the Fourth Circuit and the Louisiana Supreme Court) after the full transcript was completed on September 12, 2017.

I also omitted from the MTQ and writ applications that there was another *ex parte* conversation involving the City Attorney, District Attorney, and Judge Sens—an April 4, 2017 letter that was copied to Judge Sens discussing the complaining witness's injuries and the possibility of bringing a felony charge before the April 25, 2017 resumption of trial. This letter was in my possession on August 22, 2017. I did not update or re-urge my Motion to Quash (or seek to supplement the record before the Fourth Circuit and the Louisiana Supreme Court) after receiving this letter.

The MTQ also omitted evidence, in the form of a handwritten note on the complaining witness's subpoena (issued April 4, 2017), indicating that the District Attorney was "screening" as of the declaration of the continuance that morning. A review of the Municipal Court file in Mr. Parker's case would likely have revealed this note, as it is now in the Municipal Court file (and there is no reason I know of that it would not have been there in May 2017). I was unaware of the note until July 2018.

The MTQ did not include the portion of the transcript showing that Mr. Parker objected to the April 25, 2017 mistrial. I did not update or re-urge my Motion to Quash (or seek to supplement the record before the Fourth Circuit and the Louisiana Supreme Court) after receiving this portion of the transcript.

The MTQ also omitted any discussion of the bench conference involving my colleague that occurred on April 25, 2017 where Judge Sens learned of the felony charge immediately before declaring the mistrial.

From reading the State's Reply to the MTQ before the trial court, I knew that the question of *why* the mistrial was declared in Municipal Court could be an important issue in the success of Mr. Parker's double jeopardy claim (and that the State was claiming that Mr. Parker did not have a valid because "the trial court declared a mistrial [because] the defendant requested legal representation and requested that he be allowed to subpoena witnesses to testify at trial"). I did not ask Mr. Parker if that was what really happened at the April 4, 2017 or April 25, 2017 trial settings and I did not submit any evidence (including the transcript or an affidavit) showing that this was *not* what happened. I did not update or re-urge my Motion to Quash (or seek to supplement the record before the Fourth Circuit and the Louisiana Supreme Court) after receiving the full transcript showing that this is not what happened.

There was no strategic or tactical reason for omitting the evidence—or failing to seek an evidentiary hearing before the trial court to adduce the evidence—discussed above. There was also no strategic or tactical reason for failing to investigate the issue of what happened before the Municipal Court further.

### VERIFICATION AND CERTIFICATION

COMES NOW Karen Orzechowski, being duly sworn, and deposes and states that he has reviewed the forgoing affidavit and that all the facts therein are true and accurate to the best of her information and belief.

_Karen Orzechowski_, La. Bar No. 36247

SWORN AND SUBSCRIBED TO BEFORE ME THIS 27ᵗʰ Day of August, in the year 2018.

_____
NOTARY PUBLIC
commission for life



000090