UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TYRONE PARKER,<br><br>   Petitioner,<br><br>v.<br><br>JAMES M. LEBLANC<br><br>   Respondent. | Case No. 20-cv-609-BAJ-EWD |

### REPLY TO "RESPONSE TO PETITION FOR *HABEAS CORPUS* RELIEF"

**I. Threshold Matters: What is *Not* Denied**

Respondent does not dispute that Mr. Parker's second prosecution violated his right to be free from double jeopardy as a matter of substantive law; indeed, Respondent foregoes any merits argument whatsoever on this issue. *But see* Rules Governing Section 2254 Cases in the United States District Court, Rule 5(b) ("The answer *must* address the allegations in the motion. *In addition*, it must state whether any claim in the petition is barred by . . . a procedural bar.") (emphasis added); *see also* F.R.C.P. 8(b)(6) ("*Effect of Failing to Deny.* An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").[1]

---

[1] Likewise, Respondent opts not to comply with this Court's order to provide "transcripts of all proceedings held in the state courts." Dkt. 6. *But see* Answer, *24 (alluding to transcript apparently in District Attorney's possession). Mr. Parker urges that any gaps or omissions in the Record be construed against the District Attorney (although Mr. Parker also contends that the record is more than sufficient to grant his requested habeas relief immediately).

1

The reason for this is plain: Mr. Parker's second prosecution, which produced the conviction from which he now seeks habeas relief, violated the U.S. Constitution's prohibition on double jeopardy. *See* U.S. CONST., amend. V ("nor shall any person be subject for the same offense to be twice put in jeopardy"). Respondent does not even attempt to deny this, or argue that the state courts were guided by federal constitutional jurisprudence in rejecting Mr. Parker's constitutional claims.

Nor does Respondent deny that the District Attorney and City Attorney engaged in professional misconduct by engaging in a series of *ex parte* conversations with the trial judge overseeing Mr. Parker's first prosecution in order to manufacture a mid-trial "transfer" of Mr. Parker's case to a different tribunal.

Instead, Respondent attempts to argue that Mr. Parker's double jeopardy claim is either "not exhausted," Response, *9, or (perhaps) "procedurally defaulted," Response, * 13. It is neither.[2]

## II. Mr. Parker's Double Jeopardy Claim is both Exhausted and Not Procedurally Defaulted

### A. Exhaustion

Respondent's argument that Mr. Parker failed to exhaust his Double Jeopardy claim in state court is (1) contrary to the (correct) argument that this very same Assistant District Attorney advanced and that the federal courts recently accepted just a few months ago in an

---

[2] Respondent, after being ordered to respond on the merits, purports to "respectfully reserve[] the right to respond to those claims on the merits" at some later date. *Id.* at *21. No authority is cited for the claimed "right" to choose when Respondent would like to respond. *But see* Rules Governing Section 2254 Cases. Given Respondent's emphasis on the (non-existent) procedural hurdles Mr. Parker allegedly failed to surmount, this Court should not prolong Mr. Parker's wrongful and unconstitutional status as a felon by affording Respondent a second bite at the apple.

2

unrelated habeas matter, *Taylor v. Gusman*; (2) contrary to the unique rules governing state-court Double Jeopardy claims asserted in federal habeas petitions; and (3) based on a sanctionably dishonest misrepresentation of the state court record. "[I]t is settled that § 2254 is satisfied if the federal issue has once been properly presented to the highest court of the state." *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995) (citing 17A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4264). Mr. Parker presented his claim twice.

Just a few months ago, opposing counsel was involved in a separate federal habeas matter (*Taylor v. Gusman*) arising in an almost identical procedural posture: the federal habeas petitioner there first presented his Double Jeopardy claim to the state courts solely in the context of pre-trial applications for supervisory writs, which were summarily denied by the appellate courts, and the Petitioner did not assert his Double Jeopardy claim in *either* direct appeal or post-conviction relief settings. (Mr. Parker's case is identical to this earlier case, except that Mr. Parker did more: he additionally re-urged his Double Jeopardy claim a second time in a post-conviction relief petition.) Yet in *Taylor v. Gusman*, opposing counsel adopted the following position on the question of exhaustion and procedural default:

> Having been directed to address whether [the federal habeas petitioner] has exhausted his state remedies, the State does so now. A review of the record shows that Taylor raised both of his claims in the trial court, as well as in supervisory writ applications to the Fourth Circuit Court of Appeal and the Louisiana Supreme Court. To satisfy the exhaustion requirement, "the prisoner must fairly present his claim in each appropriate state court." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation and internal quotation marks omitted). [The federal habeas petition] has raised . . . his . . . double jeopardy claims in motions to quash to the trial court and sought supervisory writs to both the Fourth Circuit Court of Appeal and Louisiana Supreme Court [which both summarily denied relief]. His claims are exhausted and subject to federal review.

3

*Taylor v. Gusman*, Dkt. 16, Case No. 2:20-cv-00449 (E.D.La. 3/13/20) ("Response to Petition for Habeas Corpus Relief"). This was, of course, correct. *See also Taylor v. Gusman*, Dkt. 32, Order & Reasons, Case No. 2:20-cv-00449 (E.D.La. 7/30/2020) (granting federal habeas relief).

As the trial court there noted, Double Jeopardy claims may be brought in federal court despite the absence of "fair presentation" of such claims during either direct appeal or state post-conviction proceedings. *See, e.g., id.* (quoting *Showery v. Samaniego*, 814 F.2d 200, 201 n.5 (5th Cir. 1987) ("[With Double Jeopardy claims], the right asserted includes not only the right to prevail in subsequent proceedings on constitutional grounds, but also the right to be free from the burdens of the subsequent trial itself."). Presenting a Double Jeopardy claim in a pre-trial writ application suffices to "exhaust" that claim for federal habeas purposes because, if it were otherwise, there would be no means for federal courts to adequately vindicate the interest protected. *See Montano v. Texas*, 867 F.3d 540, 543 (5th Cir. 2017) ("requiring a defendant to endure a second prosecution in order to fully exhaust a Double Jeopardy claim was incompatible with the nature of the Double Jeopardy Clause's protection"). *See also Robinson v. Wade*, 686 F.2d 298, 303 (5th Cir. 1982) ("Because the double jeopardy clause protects against multiple prosecutions, as well as multiple convictions and punishments, . . . its infringement cannot adequately be remedied by post-conviction review . . . . Determination of whether the exhaustion requirement has been satisfied focuses, then, on state avenues to relief available to the petitioner prior to commencement of the criminal proceedings.").

Respondent also badly misrepresents the state court record, conspicuously omitting from its federal filing (1) that the District Attorney adopted exactly the opposite position (regarding the exhaustion question) in state court post-conviction proceedings, and (2) the critical language from the state court opinion explaining why Mr. Parker's Double Jeopardy claim would not be

4

revisited in the post-conviction relief setting. Specifically, when insisting that the Louisiana courts should *not* to revisit the merits of Mr. Parker's double jeopardy claim in state post-conviction proceedings, Respondent argued that it would be redundant for the state courts to do because the state courts had already decided the matter against Mr. Parker:

> Defendant's double jeopardy claim has *already been litigated* once before all the way to the Louisiana Supreme Court. The law does not permit him to *litigate this same claim before this Court yet again*. . . . While defendant is free to argue that the manner in which his counsel handled the issue resulted in Defendant receiving ineffective assistance, his free-standing double jeopardy claim is *repetitive*[.] As such, it cannot be considered by this Court on the merits and must be denied.

*See* State's Procedural Objections to Defendant's Application for Post Conviction Relief (available at Dkt. 9-3, at *189-*190). (emphasis added). Respondent makes no attempt to explain why it told the state courts "you already decided this issue" in state post-conviction proceedings, and now tells this Court "Mr. Parker failed to exhaust this claim" once his claim has arrived in federal court. *Cf. Whaley v. Belleque*, 520 F.3d 997, 1002 (9th Cir. 2008) (explaining State is estopped from adopting inconsistent positions regarding exhaustion and procedural default in an attempt to thwart federal habeas review of state prisoner's constitutional claims).

But perhaps even more egregious is Respondent's misrepresentation of what the state courts actually held. Without citing to any authority (and omitting the content of the District Attorney's arguments in state court), Respondent falsely claims that Mr. Parker's Double Jeopardy claim in post-conviction proceedings was barred *not* because he had already litigated the matter, but because he "inexcusably failed to pursue an appeal." Answer, *13. At no time did the District Attorney suggest that the petition should be denied because Mr. Parker failed to take a direct appeal asserting a Double Jeopardy claim, *see* Dkt. 9-3, *189-*190, nor did any Louisiana court hold as much. In fact, the Louisiana courts made perfectly clear why they were

5

rejecting Mr. Parker's Double Jeopardy claim in post-conviction proceedings, and in fact the court's rationale was just the opposite of what Respondent now suggests:

> Regarding the double jeopardy claim, this matter *was already addressed* in a Motion to Quash based on double jeopardy . . . . In this matter, the Petitioner's double jeopardy claim *has already been brought* before the Fourth Circuit, Court of Appeal and the Louisiana Supreme Court . . . . The Supreme Court denied the writ regarding the *Motion to Quash* in case number 2017-KK-1888 [asserting Double Jeopardy in the pre-trial writ application context]. Therefore, this Court found this claim to be procedurally barred *as it has already been litigated*.

*See* Trial Court Opinion Denying Double Jeopardy Claim at 1-2 (appearing here at Dkt. 9-2, *36-*37). It does violence to both the uncontradicted record and the English language to argue, as Respondent does, that when the District Attorney and the courts concluded that Mr. Parker's claim was "repetitive," they didn't mean "repetitive" in the sense of "previously litigated" . . . they really meant "repetitive" in the sense of "forfeited." *See* Answer, *13 ("Parker's double jeopardy claim was 'repetitive' in the latter sense . . ."). This misrepresentation is calculated to distract from a critical and dispositive point concerning exhaustion: acknowledging what the District Attorney previously argued (and what the state trial court expressly held) would eviscerate Respondent's argument that Mr. Parker did not, in fact, "exhaust" his Double Jeopardy claim. *See also Cone v. Bell*, 556 U.S. 449, 466 (2009) (holding state habeas petitioner had "exhausted" constitutional claim in state court, even where he had not raised the issue the first time, where state court refused to consider the claim in state post-conviction relief based on erroneous understanding that the matter had been previously litigated).

*Castille v. Peoples*, 489 U.S. 346 (1989) is not to the contrary, not only because it has *never* been applied to Double Jeopardy claims that are fairly presented to state courts through pre-trial / pre-plea applications for supervisory writs, but also because Respondent has misleadingly and selectively quoted from the opinion. As the *Peoples* court explained (in the

very sentence immediately after the sentence from which Respondent quotes), "[t]he requisite exhaustion may nonetheless exist, of course, if it is clear that respondent's claims are now procedurally barred under [state] law." 489 U.S. at 351. On remand, the lower federal courts in *Peoples* held that the habeas petitioner *had* satisfied the exhaustion requirement after all (even though it did not involve a Double Jeopardy claim), because the disputed claim there (initially presented through a procedure akin to a writ application) was now "procedurally barred under [state] law" in state post-conviction proceedings. *Peoples v. Fulcomer*, 882 F.2d 828, 830 (3d Cir. 1989). The reason the disputed claim was procedurally barred in *Peoples* was exactly the same reason Respondent urged Louisiana courts not to (re)consider the claim on post-conviction review here: it was repetitive and had already been litigated. *Id.* Assuming, *arguendo*, that *Castille* applies in the first instance to Double Jeopardy claims like the one Mr. Parker initially litigated through unsuccessful writ applications presented to the Louisiana Supreme Court, the fact that Mr. Parker was unable to (re)urge his Double Jeopardy claim in post-conviction relief proceedings means that it was properly "exhausted" in state court. *Id.*; *see also Cone v. Bell*, 556 U.S. 449, 466–67 (2009); *Bennett v. Whitley*, 41 F.3d 1581, 1582 (5th Cir. 1994) (discussing La. C. Cr. P. art. 930.4 in particular).

 The *Castille* holding (that, under certain circumstances, an issue might not be "fairly presented" if raised in a discretionary application of some form) simply does not apply to situations where "it is fair to assume that further state proceedings would be useless." *Castille*, 489 U.S. at 351. In Mr. Parker's case, further state proceedings were useless, as demonstrated by the state courts' refusal to even consider the claim.

 Finally, even if none of the foregoing were true, Mr. Parker did not simply present his Double Jeopardy claim to the Louisiana Supreme Court once in the context of a pre-trial writ

7

application; he also presented the same Double Jeopardy claim to the Court a second time in his post-conviction relief petition.³ True, the Louisiana Supreme Court summarily denied the writ application, but it cannot be said that Mr. Parker failed to present the claim to the state courts or give the state courts an opportunity to grant relief on that basis. They simply chose not to. . . . twice. Under such circumstances, it cannot be said that Mr. Parker failed to exhaust his claim.

### B. Procedural Default

Respondent also appears to argue that Petitioner's double jeopardy claim is "procedurally defaulted," though only in part. Answer, *12-*15. Respondent does not allege that the Double Jeopardy claim as first asserted in the pre-trial writ application is procedurally defaulted, limiting the argument instead to the same Double Jeopardy claim that was re-urged in the post-conviction relief setting. In this sense, Respondent has waived the argument that the Double Jeopardy claim is "procedurally defaulted" in its entirety.

But even if the post-conviction relief Double Jeopardy claim were viewed in isolation, it would not be "procedurally defaulted" for several reasons. The state courts' determination that Mr. Parker was barred from relitigating his previously denied Double Jeopardy claim in state post-conviction review context (1) does not establish procedural default, and (2) was sufficiently unprecedented and unexpected that it does not constitute an "adequate" basis for denying habeas review.

---

³ In an abundance of caution, Mr. Parker decided to (re)urge the same basic Double Jeopardy claim he initially raised in a post-conviction relief petition—not because he was optimistic that Louisiana courts would change their mind, but precisely because he wanted to ensure that there would be no obstacle to getting into federal court. He sought to ensure he gave Louisiana courts every opportunity to vindicate his federal rights before filing a federal habeas petition. He did this through an appropriate channel under Louisiana law: a post-conviction relief petition. And the courts rejected the claim, because the claim had already been denied once before.

1. **Louisiana Courts' Curious Unwillingness to Revisit Mr. Parker's Double Jeopardy Claim in the Petition for Post-Conviction Relief Setting**

While Louisiana law expressly provides that defendants can (and should) assert claims of Double Jeopardy in petitions for post-conviction relief, *see* La. C. Cr. P. art. 930.3(3), there is a general presumption against the relitigation in the post-conviction review setting of "any claim for relief which was fully litigated *in an appeal* from the proceedings leading to the judgment of conviction and sentence shall not be considered," La. C. Cr. P. art. 930.4(A) (emphasis added). But why this provision should apply to bar Mr. Parker's post-conviction review claims, first litigated in a pre-trial context and never fully resolved on the merits by the higher courts, or on direct appeal, is something of a mystery. For a lengthier explanation of why this is so, and why using La. C. Cr. P. art. 930.4(A) to bar claims litigated in the pre-trial writ application setting is completely unprecedented under Louisiana law, see Dkt. 9-2, *24-*27.

Nevertheless, the state courts refused to reconsider the Double Jeopardy claim in the post-conviction relief context, highlighting the fact that Mr. Parker's claim had already been litigated and decided. *See* Tr. Ct. Op. Denying Double Jeopardy Claim at 1-2 (appearing here at Dkt. 9-2, *36-*37). Neither the intermediate appellate court nor the Louisiana Supreme Court provided any additional guidance beyond what is included in the district court's opinion denying Mr. Parker's double jeopardy claim, so it is that opinion that controls.

2. **Louisiana Courts' Failure to Revisit Mr. Parker's Double Jeopardy Claim Does Not Mean it is "Procedurally Defaulted"**

As the U.S. Supreme Court and the U.S. Fifth Circuit have explained, when a state post-conviction claim is summarily denied because it was "previously litigated," this ruling signifies that the matter has been exhausted and is not procedurally defaulted for purposes of federal habeas review:

9

> When a state court declines to review the merits of a petitioner's claim on the ground that it has done so already, it creates no bar to federal habeas review. In *Ylst v. Nunnemaker,* 501 U.S. 797, 804, n. 3 (1991), we observed in passing that when a state court declines to revisit a claim it has already adjudicated, the effect of the later decision upon the availability of federal habeas is "nil" because "a later state decision based upon ineligibility for further state review neither rests upon procedural default nor lifts a pre-existing procedural default." [Citing, *inter alia*, *Bennett v. Whitley*, 41 F.3d 1581, 1582 (5th Cir. 1994)]. When a state court refuses to readjudicate a claim on the ground that it has been previously determined, the court's decision does not indicate that the claim has been procedurally defaulted. To the contrary, it provides strong evidence that the claim has already been given full consideration by the state courts and thus is *ripe* for federal adjudication. See 28 U.S.C. § 2254(b)(1)(A) (permitting issuance of a writ of habeas corpus only after "the applicant has exhausted the remedies available in the courts of the State"). A claim is procedurally barred when it has not been fairly presented to the state courts for their initial consideration—not when the claim has been presented more than once.

*Cone v. Bell*, 556 U.S. 449, 466–67 (2009); *accord Bennett v. Whitley*, 41 F.3d 1581, 1582 (5th Cir. 1994) (discussing La. C. Cr. P. art. 930.4 in particular).[4]

Moreover, there are several important threshold requirements that must be satisfied in order for a federal court to find that a particular constitutional claim has been "procedurally defaulted" in state court. First, the state court must have actually based its decision on the purported "state procedural bar" and it must have "'clearly and expressly' state[d] that its judgment rest[ed] on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). Respondent seems to argue that the "state procedural bar" at issue here is a rule stating that a Double Jeopardy claim cannot be raised in a post-conviction relief petition if it was not first asserted on direct appeal, even where the plea agreement expressly contemplates a post-

---

[4] This is likely why Respondent advances the unsupported assertion that the procedural bar imposed by the state courts in post-conviction relief proceedings was "you failed to litigate this on direct appeal," rather than "you already litigated this issue before." To be clear, if "you failed to litigate this on direct appeal" *were* the procedural bar that the state courts imposed, Mr. Parker would still have the right to bring his claims in federal habeas proceedings (for reasons explained below related to the novelty and inconsistent applicability of such a rule in Louisiana courts). But that's not the bar that the state courts imposed, and for good reason. *See infra* fn. 6.

10

conviction relief petition (but not a direct appeal).[5] But Respondent "concede[s]" that no state court clearly stated as much; indeed, no state court *unclearly* stated as much, either, because that's just not what the state courts did. *See* Answer, \*14.

Second, the state procedural rule must have been **sufficiently clear** at the time of the purported default to have put the petitioner on notice of what conduct was required. *See, e.g., Ford v. Georgia*, 498 U.S. 411, 423 (1991) (holding state procedural rule so novel that prisoner "could not be deemed to have been apprised of its existence") (internal quotation marks omitted); *James v. Kentucky*, 466 U.S. 341, 346 (1984) (holding rule "not always clear or closely hewn to"); *National Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 457 (1958) ("petitioner could not fairly be deemed to have been apprised of [the rule's] existence"); *Anderson v. Morrow*, 371 F.3d 1027, 1031 (9th Cir. 2004) (rule was "not clear" because "unevenly applied"); *cf. Moore v. Quarterman*, 533 F.3d 338, 341 (5th Cir. 2008) (en banc). Relatedly, apart from being clear, the state procedural rule must be **announced and firmly established** at the time of the alleged default to serve as an "adequate" basis for barring

---

[5] Respondent also hints (though does not actually argue) that Mr. Parker's guilty plea waived his right to assert post-conviction relief claims. *See* Answer, \*13. This new argument—never before advanced in state court—is meritless. The plea agreement does no such thing, and more importantly, no Louisiana court ever suggested as much. Indeed, Respondent does not attempt to explain why the plea form would include "language [that] merely serves to inform a defendant who is pleading guilty of the time limitations to seek post-conviction relief under Louisiana law," *id.*, if the plea form *barred* him from seeking post-conviction relief, or why the purported "waiver" of post-conviction rights (which does not exist) might look so radically different from the clear and unambiguous waiver of direct appeal rights in the plea form.

In any event, if the plea form constituted a waiver of Mr. Parker's post-conviction relief rights, that argument should have been raised in state court; the District Attorney never made any such argument and no state court ever so held. Indeed, Respondent *still* does not make any such argument, insofar as Respondent concedes that the merits of Mr. Parker's other constitutional claim (his ineffective assistance of counsel claim) are properly before this Court and were properly before the state courts in post-conviction relief proceedings, which would be impossible if Mr. Parker waived his post-conviction relief rights. Thus, the only "waiver" that might have possibly occurred is Respondent's ability to invoke this defense in federal habeas proceedings.

11

federal habeas review. State procedural rules not adopted or established until *after* the petitioner defaulted his federal claims in state court do not satisfy the firmly established requirement. *See, e.g., Austin v. Davis*, 876 F.3d 757, 777 (5th Cir. 2017) (holding Texas procedural rule setting forth filing deadlines for state habeas petitions did not apply to petitioner where "the procedural rule had not been clearly announced nor regularly followed because the [state court] had never before interpreted the statute in such a way"). *See also Ford*, 498 U.S. at 424–25 (explaining rule unannounced at the time of the default not firmly established); *Patterson*, 357 U.S. at 457–58 (declining to apply a state procedural rule, even though the rule appeared "in retrospect to form part of a consistent pattern of procedures," because the defendant in that case could not be "deemed to have been apprised of its existence"); *Reynolds v. Ellingsworth*, 843 F.2d 712, 725 (3d Cir. 1988) (holding no clearly established rule at the time of default that required the petitioner to raise ineffective assistance of counsel claims on direct appeal); *accord Fahy v. Horn*, 516 F.3d 169, 188 (3d Cir. 2008) ("whether the rule was firmly established and regularly followed is determined as of the date the default occurred, not the date the state court relied on it").

At no point has any state court (or opposing counsel) identified a single case in Louisiana history where a defendant was denied the opportunity to assert a Double Jeopardy claim or other constitutional claim in the post-conviction relief setting on the grounds that La. C. Cr. P. art. 930.4(A) barred claims that were previously litigated in a pre-trial writ application setting; he is literally the first person in Louisiana history where this rule has been invoked. Nor is there any

12

support in any reported case in Louisiana history regarding the purported effect of waiving direct appeal while preserving the right to bring a post-conviction relief petition.[6]

Third, the purported procedural bar fails for many other reasons, too. State procedural rules that are not **strictly and regularly applied** are not adequate to bar federal merits review. *Johnson v. Lee*, 136 S. Ct. 1802 (2016) (per curiam); *Dugger v. Adams*, 489 U.S. 401, 410 n.6, 109 (1989). "A basis of decision applied infrequently, unexpectedly, or freakishly may be inadequate, for the lack of notice and consistency may show that the state is discriminating against the federal rights asserted." *Prihoda v. McCaughtry*, 910 F.2d 1379, 1383 (7th Cir. 1990); *accord* Bostick v. Stevenson, 589 F.3d 160, 164-65 & n.6 (4th Cir. 2009). *Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir. 1992) (finding inconsistent application where state supreme court in eight cases reached the merits of the same type of claim raised by petitioner despite lack of an objection at trial). The purported rule must not be **"exorbitant[ly]" applied**; this inquiry requires

---

[6] As set forth in Mr. Parker's habeas petition, Mr. Parker expressly retained the right to file a post-conviction relief petition when he entered his guilty plea, despite the waiver of his right to raise other issues on direct appeal, and this was entirely proper. And under Louisiana law, one of the limited "grounds" for relief available in a post-conviction relief petition is a violation of the defendant's right to be free from double jeopardy. La. C. Cr. P. art. 930.3(3) (Grounds) ("If the petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on the following grounds: . . . The conviction or sentence subjected him to double jeopardy."). If Respondent's understanding of the law were correct and Mr. Parker's post-conviction relief petition were denied based on failure to assert a Double Jeopardy claim on direct appeal—and, to be clear, that's not what happened—La. C. Cr. P. art. 930.3(3) (authorizing post-conviction review relief on Double Jeopardy grounds) would be meaningless. Under Respondent's tortured understanding of Louisiana law, which has no support in any Louisiana case ever decided, one of two things would always have to be true: either (1) the defendant would have already asserted the claim on direct appeal (in which case the post-conviction relief Double Jeopardy claim would be barred as repetitive) or (2) he would not have already asserted it on direct appeal (in which case the post-conviction relief Double Jeopardy claim would be forfeited). Either way, La. C. Cr. P. art. 930.3(3) becomes dead letter. Of course, no authority in support of this understanding of Louisiana law exists: a post-conviction relief petition may assert Double Jeopardy in post-conviction relief proceedings where the defendant has not taken or waived a direct appeal. Mr. Parker did what he was supposed to. And that's almost certainly why Mr. Parker's post-conviction relief claim was *not* denied on the grounds that he failed to assert it on direct appeal.

the court to consider (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether the petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest. *Lee v. Kemna*, 534 U.S. 362, 376 (2002) (holding state-law contemporaneous objection rule did not bar claim where counsel had advanced the same claim, unsuccessfully, in pre-trial pleadings). Yet just a matter of months ago, the very same Assistant District Attorney represented to a federal court that a Double Jeopardy claim (denied on the merits by a trial court, and then rejected through summary non-merits denials of writ applications) *was* exhausted and not procedurally barred. Indeed, that's been the case in every other case in Louisiana history. Mr. Parker's claim is properly before the federal court, and is not procedurally barred, for all of these reasons.

### III. Ineffective Assistance of Counsel

This Court need only address Mr. Parker's ineffective assistance of counsel claim if it rejects Mr. Parker's Double Jeopardy claim as "not exhausted" or procedurally barred, because Respondent offers no Answer on the merits of that claim. To be clear, Mr. Parker's position is that the record created by Mr. Parker's trial counsel was more than sufficient for the state courts to have vindicated Mr. Parker's Double Jeopardy rights. He offers his alternative ineffective assistance of counsel claim only in the event that this Court disagrees with that assessment, though nevertheless believes there is a reasonable likelihood that the result may have been different if counsel had been more effective.

### IV. Conclusion

For the foregoing reasons, Petitioner prays that the Court grant relief.

        Respectfully submitted,

        <u>/s/ Thomas Frampton</u>

        Thomas Frampton, La. Bar No. 35775
        UVA School of Law
        580 Massie Road
        Charlottesville, VA 22903
        t: (202) 352-8341
        e: tframpton@law.virginia.edu
        *Affiliation for identification only*