# *United States Court of Appeals*

### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

February 14, 2023

Mr. Thomas Frampton
University of Virginia School of Law
336 11th Street, N.W.
Charlottesville, VA 22903

     No. 23-30090   In re: Tyrone Parker
                 USDC No. 3:20-CV-609

Dear Mr. Frampton,

We have docketed the petition for writ of mandamus, and ask you to use the case number above in future inquiries.

Filings in this court are governed strictly by the Federal Rules of **Appellate** Procedure.  We cannot accept motions submitted under the Federal Rules of **Civil** Procedure.  We can address only those documents the court directs you to file, or proper motions filed in support of the appeal.  See FED. R. APP. P. and 5TH CIR. R. 27 for guidance. We will not acknowledge or act upon documents not authorized by these rules.

ATTENTION ATTORNEYS:  Attorneys are required to be a member of the Fifth Circuit Bar and to register for Electronic Case Filing.  The "Application and Oath for Admission" form can be printed or downloaded from the Fifth Circuit's website, www.ca5.uscourts.gov. Information on Electronic Case Filing is available at www.ca5.uscourts.gov/cmecf/.

ATTENTION ATTORNEYS:  Direct access to the electronic record on appeal (EROA) for pending appeals will be enabled by the U S District Court on a per case basis.  Counsel can expect to receive notice once access to the EROA is available.  Counsel must be approved for electronic filing and must be listed in the case as attorney of record before access will be authorized.  Instructions for accessing and downloading the EROA can be found on our website at http://www.ca5.uscourts.gov/docs/default-source/forms/instructions-for-electronic-record-download-feature-of-cm.  Additionally, a link to the instructions will be included in the notice you receive from the district court.

Sealed documents, except for the presentence investigation report in criminal appeals, will not be included in the EROA.  Access to sealed documents will continue to be provided by the district court

only upon the filing and granting of a motion to view same in this court.

We recommend that you visit the Fifth Circuit's website, www.ca5.uscourts.gov and review material that will assist you during the appeal process. We especially call to your attention the Practitioner's Guide and the 5th Circuit Appeal Flow Chart, located in the Forms, Fees, and Guides tab.

ATTENTION: If you are filing Pro Se (without a lawyer) you can request to receive correspondence from the court and other parties by email and can also request to file pleadings through the court's electronic filing systems. Details explaining how you can request this are available on the Fifth Circuit website at http://www.ca5.uscourts.gov/docs/default-source/forms/pro-se-filer-instructions. This is not available for any pro se serving in confinement.

**Special guidance regarding filing certain documents:**

General Order No. 2021-1, dated January 15, 2021, requires parties to file in paper highly sensitive documents (HSD) that would ordinarily be filed under seal in CM/ECF. This includes documents likely to be of interest to the intelligence service of a foreign government and whose use or disclosure by a hostile foreign government would likely cause significant harm to the United States or its interests. Before uploading any matter as a sealed filing, ensure it has not been designated as HSD by a district court and does not qualify as HSD under General Order No. 2021-1.

A party seeking to designate a document as highly sensitive in the first instance or to change its designation as HSD must do so by motion. Parties are required to contact the Clerk's office for guidance before filing such motions.

**Sealing Documents on Appeal:** Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket. Counsel moving to seal matters must explain in particularity the necessity for sealing in our court. Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding. It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary. An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Shea E. Pertuit, Deputy Clerk
504-310-7666

cc:
    Mr. Michael L. McConnell
    Mr. Brad Michael Scott

Provided below is the court's official caption.  Please review the
parties  listed  and  advise  the  court  immediately  of  any
discrepancies.  If you are required to file an appearance form, a
complete list of the parties should be listed on the form exactly
as they are listed on the caption.

---

Case No. 23-30090

---

In re:  Tyrone Parker,

                    Petitioner

Case No. 22-_____

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

IN RE TYRONE PARKER

*Petitioner.*

On Petition for a Writ of Mandamus to the United States District Court
for the Middle District of Louisiana
Civil Action No. 3:20-cv-00609-BAJ-EWD
Hon. Brian A. Jackson

## PETITION FOR A WRIT OF MANDAMUS

Thomas W. Frampton
Louisiana Bar No. 35775
University of Virginia School of Law
580 Massie Road
Charlottesville, VA 22903
Tel: 202.352.8341
*Affiliation for Identification Only*
COUNSEL FOR PETITIONER

## Certificate of Interested Persons

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate their possible recusal or disqualification.

**Petitioner**                          **Counsel**

Tyrone Parker                          Thomas W. Frampton
                                        580 Massie Road
                                        Charlottesville, VA 22903
                                        tframpton@law.virginia.edu
                                        Tel: 202.352.8341

**Mandamus Respondent**

Hon. Brian A. Jackson
United States District Court
Middle District of Louisiana
Russell B. Long United States Courthouse
777 Florida Street
Baton Rouge, LA 70801

**Habeas Respondent**

James LeBlanc                          Brad M. Scott
                                        Orleans Parish District Attorney's Office
                                        619 S. White Street
                                        New Orleans, LA 70119
                                        bscott@orleansda.com
                                        Tel: 504.782.0026

/s/ Thomas W. Frampton

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS........................................................ ii

TABLE OF CONTENTS.................................................................................. iii

TABLE OF AUTHORITIES............................................................................. iv

STATEMENT OF RELIEF SOUGHT................................................................. 5

ISSUE PRESENTED....................................................................................... 6

INTRODUCTION........................................................................................... 7

FACTS NECESSARY TO UNDERSTAND ISSUES PRESENTED................................. 8

REASONS FOR GRANTING THE WRIT............................................................. 10

    I.     Mr. Parker has no other adequate means to attain the relief he desires.... 11

    II.    Mr. Parker has a clear and indisputable right to a ruling, either granting or denying, his habeas petition.................................................. 11

    III.   The writ is appropriate under the circumstances..................................... 14

CONCLUSION.............................................................................................. 15

CERTIFICATE OF COMPLIANCE..................................................................... 16

CERTIFICATE OF SERVICE............................................................................ 17

# TABLE OF AUTHORITIES

**CASES**

*Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367 (2004)........................................ 10, 14

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988) ................. 10

*In re A&D Ints.*, Inc., 33 F.4th 254 (5th Cir. 2022) ......................................... 11

*In re Habeas Corpus Cases*, 216 F.R.D. 52 (E.D.N.Y. 2003)............................... 15

*In re JPMorgan Chase & Co.*, 916 F.3d 494 (5th Cir. 2019) ............................... 14

*In re Lloyd's Reg. N. Am., Inc.*, 780 F.3d 283 (5th Cir. 2015)............................. 14

*In re Marcum L.L.P.*, 670 F.3d 636 (5th Cir. 2012) ........................................ 10

*In re Sch. Asbestos Litig.*, 977 F.2d 764, 792 (3d Cir. 1992)............................. 11

*In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008)............................. 14

*Johnson v. Rogers*, 917 F.2d 1283 (10th Cir. 1990) ....................................... 13

*Jones v. Shell*, 572 F.2d 1278 (8th Cir. 1978) ............................................ 13

*Post v. Gilmore*, 111 F.3d 556 (7th Cir. 1997) ........................................... 13

*Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943)................................. 11

*Spencer v. Kemna*, 523 U.S. 1 (1998)..................................................... 13

*United States v. Samples*, 897 F.2d 193 (5th Cir. 1990).................................. 12

**STATUTES**

28 U.S.C. § 1657 ............................................................6, 7, 11, 12, 13

28 U.S.C. § 2072(b) ...................................................................... 13

28 U.S.C. § 2243 ......................................................................... 12

28 U.S.C. § 2254.......................................................................... 6

**OTHER AUTHORITY**

G. Michael Parsons, *Contingent Design & The Court Reform Debate*,
    23 U. PENN. J. CONST. L. 495 (2021)............................................... 12

Marc D. Falkoff, *The Hidden Costs of Habeas Delay*,
    83 U. COLO. L. REV. 339 (2012)................................................... 12

## STATEMENT OF RELIEF SOUGHT

The underlying case is a habeas action brought by Petitioner Tyrone Parker under 28 U.S.C. §2254. The matter was fully briefed on November 16, 2020 (ECF No. 10), but 819 days later, nothing has happened. Mr. Parker asks the Court to issue a writ of mandamus ordering the district court to exercise its jurisdiction to grant or deny his petition (ECF No. 1).

## ISSUES PRESENTED

1.      Federal law provides that district courts "shall expedite the consideration of any action brought under Chapter 153 of Title 28" (i.e., actions under 28 U.S.C. § 2254). *See* 28 U.S.C. §1657. But rather than assign the *highest* priority to Mr. Parker's application—which is not opposed on the merits—the district court has assigned the *lowest* priority to it, refusing to grant expedited consideration and allowing the application to languish for years. Has the district court abused its discretion in resolving hundreds of subsequently filed civil and criminal matters while taking more than 819 days to rule on Mr. Parker's petition?

## INTRODUCTION

Mr. Parker's § 2254 habeas petition is not particularly complicated. He is not challenging a capital conviction; he is not raising dozens of constitutional claims. Rather, his basic argument is straightforward: he was unconstitutionally convicted of felony battery, after already facing jeopardy for misdemeanor battery, in violation of the Double Jeopardy Clause. Respondent does not oppose his claim on the merits. Yet even though Mr. Parker's petition was fully briefed 819 days ago—shortly after the 2020 presidential election—nothing has happened.

Mr. Parker recognizes that all litigants believe their cases to be important, and he does not dispute that (except as provided by law) district courts enjoy wide latitude in managing their dockets. Congress, however, has directed district courts to expedite their handling of matters like Mr. Parker's. Under the Priorities Act of 1984, codified at 28 U.S.C. §1657, Congress has "require[d] that courts expedite [habeas] actions" (and recalcitrant witness matters) relative to the rest their docket. *United States v. Samples*, 897 F.2d 193, 195 (5th Cir. 1990). And even if the Priorities Act were *not* law, the court's failure to take any action in Mr. Parker's case for 819 days—while the same court has handled other matters brought before it *years* later—would constitute an abuse of discretion.

**FACTS NECESSARY TO UNDERSTAND ISSUES PRESENTED**

The basic facts of Mr. Parker's ordeal in state court are set forth in his habeas

petition (ECF No. 1), and not disputed by Respondent (ECF No. 10).[1]

Mr. Parker timely filed his § 2254 petition in the Middle District of Louisiana on

September 21, 2020. (ECF No. 1). Respondents filed a Response on November 6, 2020,

(ECF No. 9), and Mr. Parker filed a Reply ten days later on November 16, 2020 (ECF No.

10). Nearing the two-year anniversary of the completion of briefing, on October 14, 2022,

Mr. Parker sought to remind the district court that his matter remained unaddressed: he

filed a motion asking for the magistrate judge's appointment to be withdrawn and

requesting the district court either grant or deny his petition. (ECF No. 20). He further

---

[1]     In short, Mr. Parker alleges that near the conclusion of his misdemeanor battery trial
in 2017, a City prosecutor realized that the Parish district attorney could have charged Mr.
Parker with a felony. ECF No. 1, *4-*6. After an *ex parte* conversation between the
prosecutor and the municipal court judge, the trial court declared a mistrial over Mr.
Parker's vociferous and counseled objection. *Id.*, *10. Mr. Parker was then charged with a
felony. *Id.* Mr. Parker (correctly) asserted in state court that the previous declaration of a
mistrial without a "manifest necessity" barred his retrial for the same offense, *see United
States v. Perez*, 22 U.S. (9 Wheat.) 579 (1824), but all pre-trial efforts in state court to
assert his rights to be free from double jeopardy failed. *Id.* Eager to end his ordeal, Mr.
Parker entered a plea agreement to a three-year suspended sentence in state court, but in so
doing, he expressly preserved his right to (re)assert his double jeopardy claim in post-
conviction proceedings. *Id.*, *11-*12. In an abundance of caution to ensure proper
exhaustion, he then (re)urged his double jeopardy claim in state court, but once again, the
Louisiana courts were indifferent. *Id.*, *12-*13. At no time did any Louisiana court at any
level provide any reasoned explanation for denying Mr. Parker's double jeopardy claim. *Id.*
He timely sought relief in federal court.   *Id.*

reminded the district court that his felony sentence was three years, rendering the two-year delay particularly unreasonable. *Id. That* motion has been ignored for the past four months, too.

Overcrowded dockets do not explain the delay. Indeed, neither the district judge nor assigned magistrate judge have had a single motion pending for longer than six months during the past year.[2] And since the beginning of 2023, both the district judge[3] and the magistrate judge[4] have issued lengthy reasoned opinions in non-priority matters that (1) were filed after Mr. Parker's petition; and/or (2) were not briefed until long after Mr. Parker's matter was fully submitted to the court. *See also* ECF No. 20, *3 ("[O]ver the past

---

[2]     *See* Motions Pending More Than Six Months, CJRA Table 8 ("Six Month List"), Mar. 31, 2022, *758, *762; Motions Pending More Than Six Months, CJRA Table 8 ("Six Month List"), Sept. 30, 2021, *743, *748.

[3]     *See, e.g.,* Ruling and Order, *Gilmore v. Moncom, LLC* (M.D.La. Jan. 27, 2023) (No. 22-00262-BAJ-EWD) (five-page ruling and order resolving multiple motions where briefing was completed 217 days earlier); Ruling and Order, *Williams v. Nationstar Mortgage, LLC* (M.D.La. 2023) (No. 19-00663-BAJ-SDJ) (twenty-two page ruling and order granting motion for summary judgment where briefing was completed 162 days earlier); *Allied World Surplus Lines Insurance Co. v. Amedisys, Inc.* (M.D.La. 21-00379-BAJ-EWD) (seven-page ruling and order granting summary judgment where briefing was completed 146 days earlier); Ruling and Order, *Sullivan v. Siemens Generation Services Co.* (M.D.La. Jan. 9, 2023) (No. 21-00479-BAJ-SDJ) (six-page ruling and order granting summary judgment motion where briefing was completed 97 days earlier).

[4]     *See, e.g.,* Report and Recommendations, *Willcutt v. Commissioner of Social Security* (M.D.La. Jan. 24, 2023) (No. 19-00854-BAJ-EWD) (thirteen-page report and recommendation rejecting appeal of disability determination fully briefed 134 days earlier); Ruling and Order, *Perron v. Travis* (M.D.La. Jan. 24, 2023) (No. 20-221-BAJ-EWD) (four-page ruling and order denying motion to substitute party fully briefed 46 days earlier); Ruling and Order, *Dilley v. State of Louisiana* (M.D.La. Jan. 4, 2023) (No. 19-391-BAJ-EWD) (eleven-page ruling and order addressing multiple motions fully briefed 15 days earlier).

697 days [since November 16, 2020] (when Mr. Parker's Reply was filed), the magistrate

judge has issued dozens of lengthy written opinions and orders in civil cases—many that

were not initiated until long after Mr. Parker's petition was fully briefed—in which liberty

was not at issue.") (collecting cases).

## REASONS FOR GRANTING THE WRIT

Courts may issue a writ of mandamus when three conditions are satisfied: (1) the

petitioner must have "no other adequate means to attain the relief he desires"; (2) the

petitioner must demonstrate a "clear and indisputable" right to the writ; and (3) the court

is satisfied that the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Ct. for

D.C.*, 542 U.S. 367, 380-81 (2004). The writ of mandamus is traditionally used to "confine

an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise

its authority when it is its duty to do so." *In re Marcum L.L.P.*, 670 F.3d 636, 639 (5th Cir.

2012) (citing *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988)).

### I. Mr. Parker has no other adequate means to attain the relief he desires.

Mr. Parker is powerless to compel the district court to rule on his petition outside of

mandamus. After waiting 697 days, he filed a "Motion to Withdraw Appointment of

Magistrate Judge, For Expedited Consideration, and for Prompt Issuance of Writ." ECF

No. 20. That motion urged most of the same arguments presented here. It has been

ignored, for the past 122 days, just like Mr. Parker's habeas petition. Because there is no

way for Mr. Parker to adequately address the matter on appeal, "the first requirement is

met." *In re A&D Interests, Inc.*, 33 F.4th 254, 256 (5th Cir. 2022) (granting mandamus relief where "this issue will become moot before Petitioners can file an appeal").

## II. Mr. Parker has a clear and indisputable right to a ruling.

Mandamus is appropriate "to compel [an inferior court] to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943). "[W]hen a district judge arbitrarily refuses to rule on a . . . motion," mandamus is appropriate. *In re Sch. Asbestos Litig.*, 977 F.2d 764, 792 (3d Cir. 1992), *as amended* (Oct. 8, 1992).

The district court's duty to rule on Mr. Parker's habeas petition within two years of the completion of briefing stems from two sources. **First**, as this Court has held, "28 U.S.C. §1657 requires that courts expedite [habeas] actions," and has clarified that "[t]his requirement is relative" (i.e., requires a comparison between the district court's handling of a particular habeas matter and "the requirements of the court's docket"). *United States v. Samples*, 897 F.2d 193, 195 (5th Cir. 1990).

Section 1657's requirement of priority treatment for habeas cases dates from 1984, when Congress enacted the Civil Priorities Act, which repealed more than eighty distinct federal statutes granting docket calendar priority to certain categories of civil actions in federal courts. *See* G. Michael Parsons, *Contingent Design & The Court Reform Debate*, 23 U. PENN. J. CONST. L. 495 (2021); Marc D. Falkoff, *The Hidden Costs of Habeas Delay*, 83 U. COLO. L. REV. 339 (2012). Congress left in place, however, a requirement of priority

consideration for two categories of cases: those brought under Chapter 1826 of Title 28 (i.e., those involving the jailing of recalcitrant witnesses) and those brought under Chapter 153 (i.e., habeas cases). Specifically, the statute provides:

> Notwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of *any action brought under chapter 153* or section 1826 of this title, any action for temporary or preliminary injunctive relief, *or any other action if good cause therefore is shown*.

28 U.S.C. § 1657 (emphasis added). Additionally, Congress has set forth statutory timelines that dictate *far* more prompt treatment of habeas matters. *See* 28 U.S.C. § 243. Even if the district court has discretion over the statutory timelines within 28 U.S.C. § 2243—and Mr. Parker urges that the delays here violate those express timeline provisions, as well[5]—28 U.S.C. § 1657 requires priority consideration of an application for a writ of habeas corpus. *Post v. Gilmore*, 111 F.3d 556, 557 (7th Cir. 1997) ("Liberty's priority over compensation is why 28 U.S.C. § 1657 specifies that requests for collateral relief go to the head of the queue[.]").

---

[5]    Federal law contemplates that a hearing should ordinarily occur within five (5) days of an Answer being submitted by the party defending the lawfulness of a petitioner's detention. *See* 28 U.S.C. § 2243. Most courts have interpreted the Rules Governing Section 2254 Cases as displacing the strict timelines of § 2243, reasoning that the Rules Enabling Act authorizes the Supreme Court to promulgate rules that do not "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2072(b). But this approach (1) presupposes a conflict between the Rules and § 2243 (when no such conflict actually exists), and (2) in any event, the delays in this case have lasted so long that Petitioner has now completed his three-year sentence, thus effectively nullifying the availability of full substantive relief for someone like Mr. Parker unconstitutionally sentenced to "only a few years" in a lawless state court proceeding.

That manifestly had not occurred. This is obvious not only from the delays in addressing Mr. Parker's petition, but also by a comparison of Mr. Parker's petition to the other matters on the court's docket. Moreover, notwithstanding the clear requirements of federal law, the Middle District of Louisiana regularly refuses to expedite habeas actions, which they have done here (*see* ECF No. 20) (requesting expedited consideration) and in other recent matters. *See, e.g.,* Order, *Lewis v. Kent* (M.D.La. July 28, 2020) (No. 20-484-JWD-EWD) (refusing to grant expedited consideration to habeas petition); Order, *Lewis v. Kent* (M.D.La. Sept. 15, 2020) (No. 20-484-JWD-EWD) (same).

**Second**, even if the Priorities Act did not exist, Mr. Parker would be entitled to a ruling on his habeas petition after 819 days (particularly since his total sentence was 1,095 days, his habeas petition is relatively straightforward, and the court is resolving other non-priority matters).[6] As the Tenth Circuit has explained, "if a fourteen-month delay (absent good reason) were routinely permissible, the function of the Great Writ would be eviscerated." *Johnson v. Rogers*, 917 F.2d 1283 (10th Cir. 1990); *see also Jones v. Shell*, 572 F.2d 1278 (8th Cir. 1978) (finding fourteen-month delay in processing habeas petition denied petitioner constitutional due process).

The only possible explanation for the delay in resolving Mr. Parker's petition is that the district court has placed habeas petitions on a separate (and unequal) docket that it

---

[6]     Mr. Parker's petition is not moot, however, as he still faces a virtual laundry list of collateral consequences under Louisiana and federal law as a convicted felon. *See Spencer v. Kemna*, 523 U.S. 1 (1998).

processes with less urgency than every other civil and criminal matter. But there is no basis in law or in the Anglo-American legal tradition for treating a petition for a writ of habeas corpus as some kind of disfavored action that can languish indefinitely. Even if the Priorities Act did not require expedited treatment of habeas petitions, such arbitrary treatment would constitute an abuse of the district court's discretion.

## III.     The writ is appropriate under the circumstances.

Issuing the writ is "especially appropriate," *In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 294 (5th Cir. 2015), where the issues implicated have "importance beyond the immediate case," *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 319 (5th Cir. 2008) (en banc).

The Middle District of Louisiana has unlawfully de-prioritized not only Mr. Parker's habeas petition, but (it appears) *all* habeas petitions. While civil matters concerning property interests are promptly resolved, civil matters involving liberty interests languish for years. *See, e.g.,* Opinion, *Lewis v. Kent* (M.D.La. Jan. 12, 2023) (No. 20-cv-00484-JWD-EWD) (granting certificate of appealability for habeas petition that advanced only a single constitutional claim some 27 months after full briefing was submitted).

## CONCLUSION

Mr. Parker takes the unusual step of asking this Court to compel the lower court to consider his habeas petition because "[u]ndue delay in the disposition of habeas corpus cases is unacceptable," see *In re Habeas Corpus Cases*, 216 F.R.D. 52, 53 (E.D.N.Y. 2003)

(Weinstein, J.). The mandamus standard, while demanding, is not insurmountable, and Mr. Parker's prolonged delay overcomes its burdens. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. at 381. ("These hurdles [the three mandamus conditions], however demanding, are not insuperable.") Mr. Parker thus prays for this Court's prompt intervention.

 */s/ Thomas W. Frampton*
Thomas W. Frampton
La. Bar No. 35775
Associate Professor
University of Virginia School of Law
580 Massie Road
Charlottesville, VA 22903
Tel: 202.352.8341
*Affiliation for Identification Only*
COUNSEL FOR PETITIONER

## CERTIFICATE OF COMPLIANCE

This Petition for a Writ of Mandamus complies with the type-volume limitations of Fed. R. App. P. 21(d)(1) because it contains 3,232 words.

This Petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared using Microsoft Word for Mac (v. 16) in 14-point font size and Garamond Premier Pro type style.

*/s/ Thomas W. Frampton*
Thomas W. Frampton

Dated: February 13, 2023

# CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2023 I electronically transmitted this Petition

for a Writ of Mandamus, and that the following counsel of record for Habeas-Respondent

is being served with a copy of this petition by electronic means:

> Brad M. Scott
> Orleans Parish District Attorney's Office
> 619 S. White Street
> New Orleans, LA 70119
> bscott@orleansda.com
> Tel: 504.782.0026

I further certify that this Petition for a Writ of Mandamus is being electronically sent and

served via mail to the courtroom deputy to:

Hon. Brian A. Jackson
United States District Court
Middle District of Louisiana
Russell B. Long United States Courthouse
777 Florida Street
Baton Rouge, LA 70801


/s/ Thomas W. Frampton

Thomas W. Frampton