UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TYRONE PARKER | CIVIL ACTION |
| VERSUS | 20-609-BAJ-EWD |
| JAMES M. LEBLANC, ET AL. | |

### FIRST SUPPLEMENTAL RESPONSE TO PETITION FOR *HABEAS CORPUS* RELIEF

This Court ordered the State to respond to the merits of Tyrone Parker's double jeopardy claim. This response timely follows.

**PARKER'S DOUBLE JEOPARDY CLAIM**

Parker claims that "'battery' and 'second-degree battery' are indisputably the same offense under *Blockburger v. United States*, 284 U.S. 299, 304 (1932) . . ."[1] Examining the relevant statutes reveals that Parker is correct. New Orleans Municipal Ordinance Sec. 54-96 defines Battery as "the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another." La. R.S. 14:34.1 defines Second Degree Battery as "a battery when the offender intentionally inflicts serious bodily injury . . ." La. R.S. 14:33 defines Battery as "the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another."

The next question is whether the concept of dual sovereignty applies in this case. The United States Supreme Court examined an analogous case in *Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), wherein it held that a conviction for a violation of

---

[1] Petition, p. 19.

1

a municipal ordinance barred a subsequent prosecution in state court for the same offense. The Court reasoned that municipalities "never were and never have been considered as sovereign entities" independent of their home State. "Rather, they have been traditionally regarded as subordinate governmental instrumentalities created by the State to assist in the carrying out of state governmental functions." *Id*. at 392 (*quoting Reynolds v. Sims*, 377 U.S. 533, 575, 84 S.Ct. 1362, 1388, 12 L.Ed.2d 506 (1964)). Thus, in this case, the prosecution for municipal battery barred the State from prosecuting Mr. Parker for second degree battery.

## CONCLUSION

For the foregoing reasons, Respondent prays that this supplemental response be deemed good and sufficient.

Respectfully submitted,

/s/ Brad Scott
Brad Scott
La. Bar No. 32680
Assistant District Attorney
Parish of Orleans
619 South White Street
New Orleans, Louisiana 70119
Tel.: (504) 827-6336
Email: bscott@orleansda.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon petitioner through counsel via email this 3rd day of March, 2023.

/s/ Brad Scott
Brad Scott
Assistant District Attorney
Parish of Orleans
