UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TYRONE PARKER** | **CIVIL ACTION** |
| **VERSUS** | |
| **JAMES M. LEBLANC, ET AL.** | **NO. 20-00609-BAJ-EWD** |

## RULING AND ORDER

On March 2, 2023, the Court issued its order overruling the State's procedural objections to Petitioner's double jeopardy claim, and requiring the State to respond to the merits. (Doc. 23). The State has now submitted its response, candidly admitting that the State's 2017 prosecution of Petitioner for second degree battery in the Orleans Parish Criminal District Court violated the Fifth Amendment's prohibition against double jeopardy, due to the City of New Orleans having previously prosecuted Petitioner for the same offense in New Orleans Municipal Court. (Doc. 24 at p. 2 ("[I]n this case, the prosecution for municipal battery barred the State from prosecuting Mr. Parker for second degree battery.")).

Accordingly, having denied the State's procedural objections to Petitioner's double jeopardy claim, and there now being no dispute on the merits,

**IT IS ORDERED** that Petitioner's **Petition for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's conviction for second degree battery in violation of La. R.S. § 14:34.1, in Orleans Parish Criminal District Court Case 534-360, be and is hereby **VACATED** pursuant to 28 U.S.C. § 2254, for having been obtained in violation of the Fifth Amendment's prohibition against double

jeopardy.[1]

Judgment shall issue separately.

Baton Rouge, Louisiana, this 6th day of March, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[1] There being no dispute as to the merits of Petitioner's double jeopardy claim, and this claim being dispositive of Petitioner's habeas petition, the Court does not address Petitioner's alternative claim of ineffective assistance of counsel.